UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ISAIAH FRIERSON,

                Plaintiff,

       - against -

BAY SHIPPERS, LLC, *et al.*,

                Defendants.
---------------------------------------------------------X

**MEMORANDUM & ORDER**
No. 24-CV-2952 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

On April 20, 2024, Defendants Bay Shippers, LLC ("Bay Shippers") and Cruz Garcia ("Garcia") (collectively, "Defendants") filed a notice removing this action from the Supreme Court of the State of New York, Queens County, to this Court. (Dkt. 1 ("Notice").) For the reasons set forth below, this case is *sua sponte* REMANDED to state court.

## BACKGROUND

On October 30, 2023, Plaintiff Isaiah Frierson ("Plaintiff") filed a complaint in state court, alleging that he was seriously and permanently injured when a motor vehicle he was operating was struck by a motor vehicle that was owned by Bay Shippers and operated by Garcia. (Dkt. 1-2 ("Complaint" or "Compl."), ¶¶ 31–42.) Plaintiff alleges that the incident occurred on June 8, 2023, on the Van Wyck Expressway near 97th Avenue in Queens County, New York. (*Id.* ¶¶ 30–33.) The Complaint alleges that Plaintiff "has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (*Id.* ¶ 45.)

Defendants invoke diversity jurisdiction pursuant to 28 U.S.C § 1332 as the basis for federal subject matter jurisdiction. (Notice ¶ 10.) The Notice alleges that Plaintiff is a citizen of New York, Defendant Garcia is a citizen of Delaware, and Defendant Bay Shippers is a Michigan

limited liability company whose sole member is a citizen of Pennsylvania. (*Id.*) With respect to the amount in controversy, the Notice acknowledges that the Complaint neither specifies alleged damages nor describes Plaintiff's injuries in detail. (*Id.* ¶ 6; *see also* Compl. ¶¶ 35–45.) On December 8, 2023, Defendants served Plaintiff with discovery demands, including a demand for the total amount of Plaintiff's damages. (Notice ¶ 7.) In response, Plaintiff served a bill of particulars that confirmed various injuries and indicated that he incurred approximately $40,000 in medical expenses and $6,191.49 in lost earnings, but stated that Plaintiff was not prepared to submit an amount of total damages at that time. (*Id.* ¶¶ 7–8; *see also* Dkt. 1-3 ¶¶ 9, 20–22; Dkt. 1-4 ¶ 14.) During a phone call on March 25, 2024, Plaintiff's counsel relayed a settlement demand of $750,000. (Notice ¶ 8.)

## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." This provision is construed narrowly and in favor of remand out of "[d]ue regard for the rightful independence of state governments." *Gribler v. Weisblat*, No. 07-CV-11436, 2008 WL 563469, at *1 (S.D.N.Y. Feb. 25, 2008) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)); *see Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."). As the removing party, "the defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (quoting *Grimo v. Blue Cross/Blue Shield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994)); *accord Bank of Am. v. Angona*, No. 14-CV-1643

(JG), 2014 WL 1515559, at *1 (E.D.N.Y. Apr. 18, 2014) (explaining that the party seeking removal "bears the burden of proof that jurisdictional and procedural requirements have been met").

To remove an action to federal court, a defendant must file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "A defendant who is served simultaneously with summons and complaint must file any notice of removal within thirty days of receiving those documents." *Thomas v. Baldwin*, 189 F. Supp. 2d 1, 2 (E.D.N.Y. 2002) (first citing 28 U.S.C. § 1446(b), then citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)). However, if the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an *amended pleading, motion, order or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added); *see Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010) (per curiam) (explaining that the 30-day removal period does not begin to run until the defendant "receive[s] the first document from which all of the facts giving rise to removability [are] evident"); *see also id.* at 38 (holding "that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought").

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to state court *sua sponte*, absent a motion from Plaintiff. The applicable statute states in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of

3

>  removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).  The Second Circuit has construed this provision as authorizing a district court, at any time, to remand a case *sua sponte* for lack of subject matter jurisdiction.  *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to federal court based on diversity jurisdiction, the removing party has the burden of establishing not just the complete diversity of citizenship of the parties, but also that the amount in controversy exceeds the $75,000 jurisdictional threshold.  28 U.S.C. § 1332(a); *accord Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994).  "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action."  *Lupo*, 28 F.3d at 273−74.  The Second Circuit "has repeatedly cautioned" district courts to "construe the removal statute narrowly, resolving any doubts against removability."  *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789 (JFK), 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo*, 932 F.2d at 1045−46).  Indeed, "a case filed in state court does not become removable [on the basis of diversity jurisdiction] until the plaintiff serves the defendant with a *paper* that explicitly specifies the amount of monetary damages sought."  *Daversa v. Cowan Equip. Leasing LLC*, No. 20-CV-163 (WFK) (RLM), 2020 WL 967436, at *2 (E.D.N.Y. Feb. 28, 2020) (emphasis added) (internal quotation marks omitted) (citing *Moltner*, 624 F.3d at 38); *accord Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *1 (E.D.N.Y. Oct. 26, 2011) (quoting *Moltner*, 624 F.3d at 38).

In this case, Defendants have failed to meet their burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied. The Complaint itself does not specify the amount of money damages sought. (*See* Compl.; *see also* Notice ¶ 6.) Moreover, Plaintiff declined to provide an amount of total damages in response to Defendants' discovery demands (*see* Dkt. 1-4 ¶ 14), and the damages listed in Plaintiff's bill of particulars add up to only $46,191.49 (Dkt. 1-3 ¶¶ 20–22). Nevertheless, Defendants contend that removal is proper because Plaintiff's counsel made a settlement demand of $750,000 during a phone call on March 25, 2024. (Notice ¶ 8.) However, "[t]he weight of case law in this circuit . . . recognizes than an oral settlement demand is not a sufficient basis for removal to federal court." *Jean v. Home Depot U.S.A., Inc.*, No. 24-CV-371 (OEM) (LB), 2024 WL 1530938, at *3 (E.D.N.Y. Feb. 27, 2024) (citing *Moltner*, 624 F.3d at 38) (collecting cases); *see also Diallo v. Puerta*, No. 23-CV-9452 (PKC) (MMH), 2024 WL 640066, at *4 (E.D.N.Y. Feb. 15, 2024) (explaining that "district courts in this circuit . . . have held that an oral settlement demand is not a sufficient basis for removal" (citation and alteration omitted)); *Mitilinios v. Costco Wholesale Corp.*, No. 17-CV-5306 (AMD) (SMG), 2018 WL 941715, at *3 (E.D.N.Y. Jan. 31, 2018) (rejecting defendant's argument that settlement demand of $550,000, which "was made orally during a telephone call and not in writing," triggered the thirty-day removal clock and collecting cases), *R. & R. adopted*, 2018 WL 948753 (E.D.N.Y. Feb. 15, 2018).

Nor can the Court infer that the amount-in-controversy requirement has been satisfied based on the nature and extent of Plaintiff's injuries. *See Diallo*, 2024 WL 640066, at *3. As noted, the Complaint does not provide any detail about Plaintiff's injuries; however, Plaintiff's bill of particulars states that Plaintiff suffered various knee and spinal injuries as a result of the accident. (*See* Dkt. 1-3 ¶ 9.) General medical information of this nature, without more, does not

5

suffice to satisfy the jurisdictional amount, particularly where, as here, Plaintiff's bill of particulars alleges medical expenses of only $40,000.  (*See id.* ¶ 22); *see, e.g.*, *Palmer v. Schindler Elevator Corp.*, No. 17-CV-3619 (ARR) (RLM), 2017 WL 3037411, at *2 (E.D.N.Y. July 18, 2017) ("[T]he allegation that plaintiff suffered a lumbar spine injury [requiring surgical intervention] does not establish that the amount in controversy is over $75,000."); *King v. Romero*, No. 22-CV-10935 (PMH), 2022 WL 18009943, at *2 (S.D.N.Y. Dec. 30, 2022) (remanding where bill of particulars disclosed that plaintiff had undergone multiple spinal surgeries but did not specify a specific amount of damages sought); *Kum v. Walcott*, No. 12-CV-4608 (RRM) (RER), 2012 WL 4772072, at *2 (E.D.N.Y. Oct. 5, 2012) (concluding that amount-in-controversy requirement was not met despite assertion that plaintiff underwent shoulder surgery for injuries); *Thomas v. Burlington Stores, Inc.*, No. 22-CV-08520 (PMH), 2022 WL 6698806, at *2 (S.D.N.Y. Oct. 11, 2022) (remanding despite allegations that "[p]laintiff sustained serious personal injuries, . . . under[went] surgery, attend[ed] physical therapy, [was] . . . rendered disabled, was confined to bed and home, [and] was caused to expend sums of money for medical aid and attention"); *cf. Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co.*, No. 19-CV-7294 (RA), 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019) (denying motion for remand where plaintiff's bill of particulars included specific monetary amounts in connection with injuries and treatments that exceeded $75,000).

In short, Defendants' Notice of Removal does not establish to a reasonable probability that the amount in controversy exceeds $75,000, and Defendants removed this action before receiving a written confirmation of the amount in controversy.  Removal is thus premature, and the Court remands this action to the Supreme Court of the State of New York, Queens County.

## CONCLUSION

For the foregoing reasons, this case is REMANDED to the Supreme Court of the State of New York, Queens County, under Index No. 722891/2023, for lack of federal subject matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 26, 2024
       Brooklyn, New York